U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR - 2 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-0035 |
| -vs- | JUDGE DRELL |
| RONNY DESADIER, JR. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is Petitioner Ronny Desadier, Jr.'s Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 56). For the following reasons, Petitioner's motion is DENIED.

### I. Background

In February 2011, Petitioner Ronny Desadier, Jr. (Mr. Desadier) was indicted on one count of Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Petitioner pled guilty to these offenses in August 2011, and the Court subsequently sentenced him to 120 months in prison (Doc. 34). He now moves to vacate his sentence under 28 U.S.C. § 2255, claiming violations of his Sixth Amendment right to effective assistance of counsel.

### II. Law and Argument

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction

to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992); see also United States. v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012) (quotations and citations omitted). While this language appears broad, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992)).

The Supreme Court and the Fifth Circuit have emphasized that habeas review is an "extraordinary remedy" and may not do service for a direct appeal. United States v. Cooper, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)). Following a conviction and exhaustion or waiver of any right to direct appeal, federal courts may presume a defendant stands fairly and finally convicted. United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citing United States v. Frady, 456 U.S. 152, 167–68 (1982); United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (en banc)). Consequently, the nature of a collateral challenge under § 2255 is fairly limited:

> Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude. If a § 2255 movant failed to raise a claim on direct appeal, he may not raise it on collateral review unless he shows cause [for the procedural default] and [actual] prejudice [resulting from the error of which he complains] or that he is actually innocent.

2

Scruggs, 691 F.3d at 666 (internal citations omitted). See also, e.g., Bousley, 523 U.S. at 622; Willis, 273 F.3d at 595; United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

### A. Necessity of an Evidentiary Hearing

We are able to resolve the merits of Petitioner's motion without the necessity of an evidentiary hearing because the motion, files, and record of the case provide the required and adequate factual basis necessary to the resolution of this § 2255 application. United States v. Reed, 719 F.3d 369, 373 (5th Cir. 2013) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (internal quotations and citations omitted)). Petitioner's "[c]onclusory allegations, unsubstantiated by evidence, do not support [his] request for an evidentiary hearing." Id.

### B. Ineffective Assistance of Counsel Claims

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. United States Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). To prevail on such claims, a petitioner must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both

3

showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

To establish the first element of deficient performance, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This prong of the Strickland test calls for "highly deferential" judicial scrutiny, requiring courts to apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Accordingly, the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" and "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 689–90.

As to the second element of prejudice, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding;" rather, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693–94. Moreover, self-serving, conclusory statements that the outcome would have been different are insufficient to establish ineffective assistance of counsel. See Mallard v. Cain, 515 F.3d 379, 383 (5th Cir. 2008) (citing Green v. Johnson, 160 F.3d 1029, 1041 (5th Cir. 1998)).

We understand from Mr. Desadier's petition that he seeks relief on three grounds, all under the umbrella of ineffective assistance of counsel. First, he asserts his counsel

4

was ineffective because he did not provide "any case law or authority" other than a citation to the United States Sentencing Guidelines (Sentencing Guidelines) in support of his objection to the court's failure to grant a downward adjustment to Mr. Desadier's sentence; next, he claims his counsel was ineffective because his attorney failed to suppress certain evidence, failed to investigate and present other evidence, and submitted a psychosexual evaluation of Mr. Desadier to the court; and finally, because his conviction and sentence are "violative" of his Sixth Amendment right to effective assistance of counsel.

As to Mr. Desadier's claim that his attorney rendered ineffective assistance because he failed to cite case law in objecting to the Court's decision not to grant a downward adjustment, we find this fails to meet the first prong of the Strickland analysis. Using "highly deferential" scrutiny, as we must in assessing an attorney's conduct, we cannot say that not citing case law when objecting to the Court's decision was objectively unreasonable. Mr. Desadier's attorney objected to our decision not to grant a downward adjustment and pointed to a section of the Sentencing Guidelines in support of this point. Citing cases as additional support would not have changed the Court's factual determination that the guideline cited by counsel was not applicable to Mr. Desadier. It is also worth noting that a downward departure is generally the exception and not the rule (which Mr. Desadier suggests it should be.) It is within the trial judge's discretion, and was simply not going to occur here because the violations in this case were egregious. His role was not minor in the least; he was an active possessor of sadistic

child pornography images that, via his file sharing program, were available for any other user with the program to download.

Mr. Desadier's next claim for ineffective assistance of counsel is cumulative and vague. He purports that his attorney "failed to timely, properly, and effectively move for suppression of evidence material to [his] conviction and/or sentence;" "unprofessionally failed to investigate or present available evidence and legal authority material to [his] sentencing;" and "unprofessionally failed to investigate or present the strongest issues available to Mr. Desadier for his direct appeal and failed to preserve viable issues for collateral review." (Doc. 56 at 16). In general, Mr. Desadier fails to point to any specific actions taken by counsel or evidence not suppressed or investigated, leaving us unable to conclude that his attorney was, in fact, ineffective at any stage of the proceedings, trial or appeal. However, Mr. Desadier does assert that his attorney's submission of his psychosexual evaluation to the Court (as opposed to keeping it confidential) was inadequate representation. Again, we do not find that this decision by counsel meets the Strickland test for ineffective assistance. The purpose of sentencing hearings is for the Court to obtain as many true and relevant facts as possible in order to impose the proper sentence on a defendant. And here, Mr. Desadier's attorney attempted to use the psychosexual evaluation as a mitigating factor; in other words, he presented it hoping the information it contained would convince the Court to decide on a lesser sentence for Mr. Desadier. Attempting to obtain a lighter sentence for a client is surely not ineffective assistance.

6

Finally, Mr. Desadier makes the general statement that his "conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel" because of "errors" committed by his attorey (Doc. 56 at 17). Once again, this is a vague and general argument without any facts to substantiate it, but we think it prudent to point out that Mr. Desadier pled guilty to the offenses for which he was sentenced. During his guilty plea, Mr. Desadier confirmed that his plea was voluntary and that he was satisfied with his attorney. And, in fact, during his colloquy with the Court we asked him the additional question whether there were any motions or <u>anything else</u> that he thought his attorney should have done up to that point, and he answered in the negative. Moreover, the Fifth Circuit has reviewed Mr. Desadier's sentence for sufficiency and upheld it. This generally alleged but unsupported constitutional claim has no merit.

## III. Conclusion

For the following reasons, Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

SIGNED on this 2ND day of April, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT